AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | | | |
|---|---|---|---|
| In the Matter of the Search of | ) | | |
| Information associated with cellular telephone account (573) 533-9177 that is stored at premises controlled by MetroPCS. | ) ) ) ) | Case No. | 4:18 MJ 6382 PLC |

## APPLICATION FOR A SEARCH WARRANT

I, _Michael Betz_, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

Information associated with cellular telephone account (573) 533-9177 that is stored at premises controlled by MetroPCS.

located in the _____ District of _____NEW JERSEY_____ , there is now concealed

### SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C., 1959 | Violent Crime in Aid of Racketeering |

The application is based on these facts:

### SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE

☑ Continued on the attached sheet.

☑ Delayed notice of _____ days (give exact ending date if more than 30 days: _October 26, 2019_ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

MICHAEL BETZ, Special Federal Officer
FBI

*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____10/26/2018_____

*Judge's signature*

City and state: _St. Louis, MO_

Honorable Patricia L. Cohen, U.S. Magistrate Judge
*Printed name and title*

AUSA: Angie E. Danis

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Michael W. Betz, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.    I make this affidavit in support of an application for a search warrant for information associated with certain accounts that is stored at premises owned, maintained, controlled, or operated by the following:

a. **Subject cellular device #1**: T-Mobile, 4 Sylvan Way, Parsippany, New Jersey, 07054. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 2703(c)(1)(A) to require T-Mobile to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the accounts, not including the contents of communications, related to the account associated with cellular telephone number (314) 443-9954. The information to be seized is described in the following paragraphs and in Attachment A.

b. **Subject cellular device #2**: MetroPCS, a wireless provider headquartered at 4 Sylvan Way, Parsippany, New Jersey, 07054. The information to be searched is described in the following paragraphs and in Attachment B. This affidavit is made in support of an application for a search warrant under 2703(c)(1)(A) to require MetroPCS to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the accounts, not including the contents of communications, related to the account

associated with cellular telephone number (573) 533-9177.  The information to be seized is described in the following paragraphs and in Attachment B.

2.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3.      I am a deputized Special Federal Officer with the Federal Bureau of Investigation ("FBI").  Additionally, I am employed as a Police Officer for the St. Louis Metropolitan Police Department ("SLMPD") and have been so employed for the past fifteen years.   For the past three years, I have been assigned to the St. Louis Division of the Federal Bureau of Investigation as a member of the Violent Crimes Task Force.  Through my training and experience, I am familiar with the debriefing of cooperating witnesses and/or sources of information and methods of searching locations where narcotics, narcotics proceeds, and/or weapons may be found. Additionally, I have been trained and have experience in conducting surveillance and am familiar with the manner of importation and distribution of narcotics as well as the payment methods utilized by narcotic distributors.  During the past fifteen years as a Police Officer with the SLMPD, I have been involved in a multitude of drug and violent crime investigations involving arrests, interviews, informant debriefings, and surveillances.  I have also been the affiant on numerous Federal and State Search Warrant Affidavits and participated in numerous investigations that employed the use of Title III wire taps.

4.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended

to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 1959 (Violent Crime in Aid of Racketeering) and Revised Missouri Statute Section 565.020 (First Degree Murder) have been committed by Charles ROBY and/or other persons known and unknown to investigators.  There is also probable cause to search the information for evidence of these crimes, as described in Attachment A and Attachment B.

## PROBABLE CAUSE

6.     I am currently participating in an investigation with members of the St. Louis Metropolitan Police Department (SLMPD) Intelligence Division, Federal Bureau of Investigation (FBI), and Drug Enforcement Administration (DEA) regarding the illegal importation and distribution of narcotics, as well as violent acts committed in furtherance and on behalf of, the 41 Delmar Mob Criminal Street Gang.

7.     As part of this investigation, your affiant has been able to identify numerous individuals associated with the 41 Delmar Mob as well as individuals who claim membership with the criminal street gang.



12.     On or about June 17, 2018, Gerald Robinson (a/k/a "GoGo"), a member of the 41 Delmar Mob, was murdered outside the Olive Bar at 3037 Olive in the City of St. Louis, within the Eastern District of Missouri

13.     On or about July 14, 2018, Gerald Canamore, a documented member of the C&C criminal street gang, was murdered in Hazelwood, Missouri, within the Eastern District of Missouri.

14.     On or about August 28, 2018, Donna King with the Missouri Department of Probation and Parole advised that Charles ROBY had previously contacted his probation/parole officer from **subject cellular telephone #1**, utilizing telephone number **(314) 443-9954**. Investigators then utilized law enforcement databases, which allowed them to monitor communications between some of Charles ROBY's associates and/or family members who were confined in City of St. Louis Justice Center. Members of the investigative team specifically reviewed phone calls made to **subject cellular telephone #1,** which revealed that ROBY has been utilizing **subject cellular telephone #1** dating back to at least February of 2018.

15.     During an August 2, 2018 telephone call to **subject cellular telephone #1**, Charles ROBY and Leonard Wilkins, a documented member of the 41 Delmar Mob who was confined on charges for unlawful possession of a firearm, conversed with one another. During the conversation, Wilkins advised a third party that he was conversing with "Boo." It should be noted that Charles ROBY is well known to utilize the monikers "Boo" and "Booey." Near the

5

end of the conversation, ROBY advised Wilkins that Wilkins could contact ROBY at the alternate phone number of **(573) 533-9177**, **subject cellular telephone #2**, in case of an emergency.

16.     Members of the investigative team then learned that **subject cellular telephone #1** and **subject cellular telephone #2** are serviced by T-Mobile and MetroPCS, respectively.

17.     In my training and experience, I have learned that T-Mobile and MetroPCS are companies that provides cellular telephone access to the general public.

18.     Wireless phone providers typically generate and retain certain transactional information about the use of each telephone, voicemail, and text-messaging account on their systems.  This information can include log files and messaging logs showing all activity on the account, such as local and long distance telephone connection records, records of session times and durations, lists of all incoming and outgoing telephone numbers or e-mail addresses associated with particular telephone calls, voicemail messages, and text or multimedia messages. Providers may also have information about the dates, times, and methods of connecting associated with every communication in which a particular cellular device was involved.

19.     Many wireless phone providers generate and retain information about the location in which a particular communication was transmitted or received.  Your affiant is aware, through training and experience, and through consultation with agents with additional training or experience relating to wireless phone technology, that when a cellular device is used to make or receive a call, or text message, or other communication, the wireless phone provider will maintain a record of which cell tower was used to process that contact.  In general, but not always, the cellular telephone at issue will use the closest unobstructed tower that generates the strongest signal.     These wireless providers maintain this information, including the

6

corresponding cell towers (i.e., antenna towers covering specific geographic areas), "sectors" (i.e., faces of the towers), and other signaling data, as part of their regularly conducted business activities. Typically, a wireless provider maintains a record of the cell tower information associated with calls. These cell tower records are sometimes referred to as "cell site" data.

20.     Because the cellular device generally attempts to communicate with the closest unobstructed tower, by reviewing the above-described information, your affiant and other law enforcement officers can determine the approximate geographic area from which the communication originated or was received.

21.     Wireless providers may also retain text messaging logs that include specific information about text and multimedia messages sent or received from the account, such as the dates and times of the messages. A provider may also retain information about which cellular handset or device was associated with the account when the messages were sent or received. The provider could have this information because each cellular device has one or more unique identifiers embedded inside it. Depending upon the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Station Equipment Identity ("IMEI"). When a cellular device connects to a cellular antenna or tower, it reveals its embedded unique identifiers to the cellular antenna or tower in order to obtain service, and the cellular antenna or tower records those identifiers as a matter of course.

22.     Wireless providers also maintain business records and subscriber information for particular accounts. This information could include the subscribers' full names and addresses,

7

the address to which any equipment was shipped, the date on which the account was opened, the length of service, the types of service used, the ESN or other unique identifier for the cellular device associated with the account, the subscribers' Social Security Numbers and dates of birth, all telephone numbers and other identifiers associated with the account, and a description of the services available to the account subscribers. In addition, wireless providers typically generate and retain billing records for each account, which may show all billable calls (including outgoing digits dialed). The providers may also have payment information for the account, including the dates and times of payments and the means and source of payment (including any credit card or bank account number).

## **INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED**

23.    I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. § 2703(c)(1)(A), by using the warrant to require T-Mobile and MetroPCS to disclose to the government copies of the records and other information (excluding the content of communications) particularly described in Section I of Attachment A and Attachment B. Upon receipt of the information described in Section I of Attachment A and Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment A and Attachment B.

24.    Because the information is to be provided by T-Mobile and MetroPCS and does not involve any physical intrusion by the government or any investigative agency, it is respectfully suggested that the normal time constraints requiring that the warrant be executed only in the daytime are not applicable.

8

## CONCLUSION

25.     Based on the forgoing, I submit that there is probable cause to conclude that the requested information associated with **subject cellular telephone #1**, a cellular telephone serviced by T-Mobile and having the number **(314) 443-9954**, as further described herein and in Attachment A, is available from T-Mobile; and that the requested information associated with **subject cellular telephone #2**, a cellular telephone serviced by MetroPCS and having the number **(573) 533-9177**, as further described herein and in Attachment B, is available from MetroPCS and that information, including cell site information, constitutes evidence of violations of 18 U.S.C. § 1959 (Violent Crime in Aid of Racketeering) and Revised Missouri Statute Section 565.020 (First Degree Murder) by Charles ROBY and others known and unknown at this time. Accordingly, I respectfully request that the Court issue the proposed search warrant.

FBI SFO

Michael Betz
Special Federal Officer
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me this __26__ day of October, 2018, at St. Louis, Missouri.

PATRICIA L. COHEN
United States District Judge
Eastern District of Missouri

9

**ATTACHMENT B**

**Particular Things to be Seized**

## I. Information to be disclosed by MetroPCS

**MetroPCS** is required to disclose the following records and other information, if available, to

the United States for **(573) 533-9177**, which are stored at premises owned, maintained,

controlled, or operated by **MetroPCS**, a wireless provider locate at 4 Sylvan Way, Parsippany,

New Jersey, 07054 ("Account"), for the time period January 1, 2018 to present:

    A.    The following information about the customers or subscribers of the Account:

        1.    Names (including subscriber names, user names, and screen names);

        2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        3.    Local and long distance telephone connection records;

        4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        5.    Length of service (including start date) and types of service utilized;

        6.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

        7.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

        8.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

    B.    All records and other information (not including the contents of communications) relating to the Account, including:

        1.    Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

2. All data about which "cell towers" (i.e., antenna towers covering specific geographic areas), "sectors" (i.e., faces of the towers), and (if available) "azimuth" received a radio signal from each cellular telephone or device assigned to the Account; and

3. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses.

## II. Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 18, United States Code, Section 1959 (Violent Crime in Aid of Racketeering) and Revised Missouri Statute Section 565.020 (First Degree Murder) involving Charles ROBY and other known and unknown since January 1, 2018, including, for each account or identifier listed on Attachment B, information pertaining to the following matters:

(a) The murder of James Woods, Jr. on or about January 9, 2018;

(b) The murder of Gerald Robinson on or about June 17, 2018;

(c) The murder of Gary Canamore on or about July 14, 2018;

(d) The identity of the person(s) who created or used the account or identifier, including records that help reveal the whereabouts of such person(s).

(e) The identity of witnesses and/or co-conspirators with whom the account user communicated.

2

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct. I am employed by **MetroPCS**, and my official

title is _____. I am a custodian of records for **MetroPCS**. I state

that each of the records attached hereto is the original record or a true duplicate of the original

record in the custody of **MetroPCS**, and that I am the custodian of the attached records

consisting of _____ (pages/CDs/kilobytes). I further state that:

a.      all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth, by, or from information transmitted by, a person with

knowledge of those matters;

b.      such records were kept in the ordinary course of a regularly conducted business

activity of **MetroPCS**; and

c.      such records were made by **MetroPCS** as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.

_____     _____

Date                                  Signature

4

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No.    4:18 MJ 6382 PLC |
| Information associated with cellular telephone account | ) | |
| (573) 533-9177 that is stored at premises controlled by | ) | |
| MetroPCS. | ) | |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ NEW JERSEY _____
*(identify the person or describe the property to be searched and give its location)*:

Information associated with cellular telephone account (573) 533-9177 that is stored at premises controlled by MetroPCS.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

**YOU ARE COMMANDED** to execute this warrant on or before _____ November 8, 2018 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Patricia L. Cohen _____ .
                                                         *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
     ☐ for _____ days *(not to exceed 30)*    ☑ until, the facts justifying, the later specific date of _____ 10/26/2019 _____ .

Date and time issued:    10/26/18    1:45 P.M.                                  
                                                               *Judge's signature*

City and state:    St. Louis, MO                    Honorable Patricia L. Cohen, U.S. Magistrate Judge
                                                                  *Printed name and title*

**ATTACHMENT B**

**Particular Things to be Seized**

## I.  Information to be disclosed by MetroPCS

**MetroPCS** is required to disclose the following records and other information, if available, to

the United States for **(573) 533-9177**, which are stored at premises owned, maintained,

controlled, or operated by **MetroPCS**, a wireless provider locate at 4 Sylvan Way, Parsippany,

New Jersey, 07054 ("Account"), for the time period January 1, 2018 to present:

A.  The following information about the customers or subscribers of the Account:

1.  Names (including subscriber names, user names, and screen names);
2.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3.  Local and long distance telephone connection records;
4.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5.  Length of service (including start date) and types of service utilized;
6.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
7.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
8.  Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.  All records and other information (not including the contents of communications) relating to the Account, including:

1.  Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

2.      All data about which "cell towers" (i.e., antenna towers covering specific geographic areas), "sectors" (i.e., faces of the towers), and (if available) "azimuth" received a radio signal from each cellular telephone or device assigned to the Account; and

3.      Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses.

## II. Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 18, United States Code, Section 1959 (Violent Crime in Aid of Racketeering) and Revised Missouri Statute Section 565.020 (First Degree Murder) involving Charles ROBY and other known and unknown since January 1, 2018, including, for each account or identifier listed on Attachment B, information pertaining to the following matters:

(a) The murder of James Woods, Jr. on or about January 9, 2018;

(b) The murder of Gerald Robinson on or about June 17, 2018;

(c) The murder of Gary Canamore on or about July 14, 2018;

(d) The identity of the person(s) who created or used the account or identifier, including records that help reveal the whereabouts of such person(s).

(e) The identity of witnesses and/or co-conspirators with whom the account user communicated.

2

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by **MetroPCS**, and my official title is _____. I am a custodian of records for **MetroPCS**. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of **MetroPCS**, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

     a.     all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

     b.     such records were kept in the ordinary course of a regularly conducted business activity of **MetroPCS**; and

     c.     such records were made by **MetroPCS** as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____     _____

Date                         Signature

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN THE MATTER OF THE SEARCH OF:        )
                                       )
Information associated with cellular telephone   )        No. 4:18 MJ 6382 PLC
account (573) 533-9177 that is stored at   )
premises controlled by MetroPCS.       )

## MOTION FOR SEALING ORDER

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Angie E. Danis, Assistant United States Attorney for said District, and moves this Court for an order directing that the search warrant, along with its application, affidavit, and return, entered by this Court be sealed until April 26, 2019, except for the limited purposes of providing same to defense counsel pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure.

In support of this Motion, the Government provides the following facts, establishing that (a) the government has a compelling interest in sealing the documents in question which outweighs the public's qualified First Amendment right of access to review those documents; and (b) no less restrictive alternative to sealing is appropriate or practical:

Because this investigation is ongoing and its success would be jeopardized if the contents of the affidavit were made public, the Government requests that the affidavit and the accompanying search-warrant documents be sealed for the stated period of time.

WHEREFORE, for the reasons stated above, the Government respectfully requests that the

search warrant, along with its application, affidavit, and return, be sealed until April 26, 2019.

Dated this _26th_ day of October, 2018.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

ANGIE E. DANIS, #64805MO
Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN THE MATTER OF THE SEARCH OF:          )
                                         )
Information associated with cellular telephone    )        No.  4:18 MJ 6382 PLC
account (573) 533-9177 that is stored at          )
premises controlled by MetroPCS.                  )

## **ORDER**

On motion of the United States of America, IT IS HEREBY ORDERED that the search

warrant, along with its application, affidavit, and return, and this Order issued thereto, be sealed

until April 26, 2019, except for the limited purposes of providing same to defendant counsel

pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure.

This Order is based upon the sealed motion of the Government establishing that: (a) the

government has a compelling interest in sealing the documents in question which outweighs the

public's qualified First Amendment right of access to review those documents; and (b) no less

restrictive alternative to sealing is appropriate or practical.

PATRICIA L. COHEN
United States Magistrate Judge

Dated this 26 day of October, 2018.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In the Matter of the Search of:     )
                                  )      No. 4:18 MJ 6382 PLC

Information associated with cellular telephone  )
account (573) 533-9177 that is stored at  )    **FILED UNDER SEAL**
premises controlled by MetroPCS.         )
                                  )

**APPLICATION FOR ORDER COMMANDING T-MOBILE NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SEARCH WARRANT**

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Angie E. Danis, Assistant United States Attorney for said District, and requests that this Court order **T-MOBILE** (hereinafter "the Service Provider") not to notify any person (including the subscribers or customers of the account(s) listed in the attached search warrant, until the conditions identified herein are met, concerning the the following account(s):

    a. (573) 533-9177

    As grounds the Government states as follows:

    1.    The Service Provider is a provider of an electronic communication service, as defined in Title 18, U.S.C., Section 2510(15), and/or a remote computing service, as defined in Title 18, U.S.C., 2711(2). Pursuant to Title 18, U.S.C., Section 2703, the United States intends to serve the attached search warrant. Pursuant to Title 18, U.S.C., Section 2703(c)(3), the Government or agency receiving these records or information as a result of the search warrant, will not provide notice to the subscriber or customer of the aforementioned account(s).

    2.    This Court has authority under Title 18, U.S.C., Section 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to

1

whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

3.    In this case, such an order is appropriate because the search warrant was issued in part under the authority granted to this court pursuant to Title 18, U.S.C., Section 2703. This search warrant is related to an ongoing criminal investigation that is not public and this portion of the investigation is not known to the subjects of the investigation. Premature notification may alert the subject(s) to the investigation. Some of the evidence in this investigation is stored electronically. If the subjects were notified about the search warrant for the accounts referenced in this order, the subjects could destroy evidence in other accounts they are using but of which the Government is not aware at this time, including information saved in other electronic storage media. Accordingly, there is reason to believe that notification of the existence of the search warrant will seriously jeopardize the investigation, including giving the subjects an opportunity to: flee, destroy and/or tamper with evidence; change patterns of behavior; or notify confederates. *See* Title 18, U.S.C., Section 2705(b)(2), (3), and (5). Based on the nature and circumstances of the investigation, there is also reason to believe that notification of the existence of the search warrant will result in endangering the life or physical safety of an individual, or the intimidation of potential witnesses. *See* Title 18, U.S.C., Section 2705(b)(1) and (4).

WHEREFORE, the United States respectfully requests, pursuant to Title 18, U.S.C., Section 2705(b), that the Court grant the attached Order directing the Service Provider not to disclose the existence or content of this Application, the attached search warrant and any Order issued, for a period of one year from the date of the Order, except that the Service Provider may

disclose the attached search warrant and any Order to an attorney for the Service Provider for the purpose of receiving legal advice.

The United States further requests that the Court order that this Application, attached search warrant, and any resulting Order be sealed until further Order of the Court. As explained above, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

ANGIE E. DANIS, #64805MO
Assistant United States Attorney

Dated this __26th__ day of October, 2018.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In the Matter of the Search of:  )
                                 )       No. 4:18 MJ 6382 PLC
                                 )
Information associated with cellular telephone  )    **FILED UNDER SEAL**
account (573) 533-9177 that is stored at  )
premises controlled by MetroPCS.  )

## ORDER

The United States has submitted an application pursuant to Title 18, U.S.C.,

Section 2705(b), requesting that the Court issue an Order directing **T-MOBILE** (hereinafter "the

Service Provider") not to notify any person, including the subscribers or customers of the

account(s), of the existence of a search warrant for a period of one year from the date of this Order.

The search warrant requests information related to the following account(s):

    a.  (573) 533-9177

The United States intends to serve the search warrant for the identified account(s) pursuant

to Title 18, U.S.C., Section 2703. The Court determines that there is reason to believe that

notification of the existence of the search warrant will seriously jeopardize the investigation,

including by giving the subjects an opportunity to: flee, destroy, and/or tamper with evidence;

change patterns of behavior; or notify confederates. *See* Title 18, U.S.C., Section 2705(b)(2), (3),

(5). Further, the Court also determines that notification of the existence of the search warrant will

result in endangering the life or physical safety of an individual, or the intimidation of potential

witnesses. *See* Title 18, U.S.C., Section 2705(b)(1) and (4).

IT IS THEREFORE ORDERED, pursuant Title 18, U.S.C., Section 2705(b) that the

Application, search warrant, and this Order be sealed and that the Service Provider shall not

1

disclose the existence of the Application, search warrant and this Order for a period of one year from the date of this Order, except that the Service Provider may disclose the search warrant to an attorney for the Service Provider for the purpose of receiving legal advice.

IT IS FURTHER ORDERED, pursuant to Title 18, U.S.C., Section 2705(b), that the Application, search warrant, and this Order be sealed until further Order of the Court.

SO ORDERED this ___26___ day of October, 2018.

PATRICIA L. COHEN
United States Magistrate Judge